IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DERRICK COBBS, #1124203 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-03-957 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| TDCJ-CID | § | |

## REPORT AND RECOMMENDATION

Before the Court is the "Petition for a Writ of Habeas Corpus by a Person in State Custody" filed by Derrick Cobbs, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Divisions ("TDCJ-CID"). On October 16, 2001, Petitioner was found guilty in the 122nd District Court of Galveston County, Texas of two offenses of retaliation and one offense of possession of cocaine. He was sentenced to six years imprisonment in the TDCJ-CID on one of the retaliation convictions, eight years on the other, and eight years for the cocaine conviction. Petitioner's convictions were upheld on direct appeal, and he did not file a Petition for Discretionary Review ("PDR"). Petitioner filed three separate writs of habeas corpus on each conviction in state court. The Court of Criminal Appeals denied them without written order on August 27, 2003. He then timely filed the instant writ on September 25, 2003. Petitioner alleges that his attorney provided ineffective assistance of counsel by failing to inform him of a plea bargain agreement offered by the District Attorney.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires prisoners to exhaust their state remedies before seeking federal relief by presenting their claims to the state's highest

1

court. 28 U.S.C. § 2254(b)(1)(A). The State argues that Petitioner has only done so on two of the three underlying convictions. Construing Petitioner's state writs very liberally, this argument is correct. Petitioner presented the issue before this Court to the Court of Criminal Appeals only on one of the retaliation charges (01CR1361) and the possession charge (01CR1362) in writs 56,560-01 and 56,560-02. His third writ concerning the remaining retaliation charge alleged only that the indictment used against him was defective. *See Ex parte Cobbs*, No. 56,560-03.

The issue of ineffective assistance of counsel is governed by the familiar standard set forth in *Strickland v. Washington*, 466 U.S. 669 (1984). Petitioner must show that his attorney's representation was deficient and that he was prejudiced by the shortcoming. In this case, Petitioner has failed to make any showing that he was unaware of a plea bargain. The State has produced three affidavits executed by Petitioner prior to trial. In each, Petitioner swears that he was aware of the potential range of punishment for the charged crimes and states: "I have previously declined to accept the State's offer of five years of confinement in the Texas Department of Criminal Justice in exchange for a guilty plea. I realize that upon conviction I could receive from the judge or jury a sentence of more than the offer made by the State's Attorney." State's Answer at Ex. B. Petitioner has failed even to file a Response to this evidence that he was aware of the State's offer and declined it. He has therefore failed to bear his burden of proof of demonstrating that his attorney was constitutionally defective or that he was harmed by the alleged failure to disclose the plea offer.

Although Petitioner's claim was not presented to the state court on the second retaliation charge, any subsequent attempt to raise the issue in state court would be barred as an abuse of the writ. Tex. Code of Crim. Proc. Art. 11.07 § 4. The AEDPA's exhaustion requirement is filled if a return to state court would be futile. *Fuller v. Johnson*, 158 F.3d 903, 905 (5th Cir. 1998). Under

these circumstances, dismissal with prejudice is warranted for an entire writ. *Scott v. Johnson*, 227 F.3d 260 (5th Cir. 2000).

For all these reasons, the Court **RECOMMENDS** that the Petition for a Writ of Habeas Corpus filed by Petitioner Derrick Cobbs be **DENIED** and that the instant action be **DISMISSED**.

The Clerk shall send copies of this Report and Recommendation to the parties by the means in place for transmission of same.  The parties shall have until **March 31, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections shall be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____13th____ day of March , 2006.

_____
John R. Froeschner
United States Magistrate Judge